PER CURLAM.
Gary L. Swyck appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We affirm the order of the trial court in part, reverse in part, and remand for reconsideration in accordance with this opinion.
Swyck was sentenced to prison for violation of probation in 1991. The probation resulted from a 1981 conviction. According to Swyck, he opted to be sentenced under the 1987 guidelines for the violation of probation. This court cannot determine if he was given a departure sentence or if he was sentenced pursuant to a negotiated plea, because the trial court did not specifically address this claim. In any event, Swyck was sentenced outside of the recommended range of the guidelines, although within the permitted range. Because his crimes occurred before statutory amendments allowed sentencing within a permitted range, Swyck should have been sentenced within the recommended range, unless his sentence was a departure sentence or the result of a negotiated- plea. See Tucker v. State, 601 So.2d 1249 (Fla. 2d DCA 1992).
If Swyck’s sentence was a guidelines sentence, he must be resentenced in accordance with the 1987 sentencing guidelines. The court should use a 1987 scoresheet rather than the 1991 scoresheet that is in the file. See Smith v. State, 537 So.2d 982 (Fla.1989). Conversely, if documents in the court file reflect that Swyck’s sentence was the result of plea negotiations, or the court imposed a valid departure sentence, the trial court may once again deny his claim, and attach the documents from the court file that reflect the basis of the sentence.
The remainder of Swyck’s claims are without merit, and the trial court’s disposition of them is affirmed without discussion.
Affirmed in part; reversed in part; and remanded.
GREEN, A.C.J., and STRINGER and DAVIS, JJ., Concur.